ANTHONY SPENCER, free negro. *vs.* JACOB D. DUTTON, Administrator, &c.

*If a plea in abatement conclude in bar, the plff. may treat it as a plea in bar, and the judgment will be final.*

PLEA in abatement. Demurrer and joinder.

The declaration was in trespass *quare clausum fregit* against Joseph Dutton. His death was suggested and Jacob Dutton, his administrator, admitted a party deft. Plea in abatement and general demurrer.

Mr. *Frame* for plff. The act of assembly, *(Dig.* 224,) saves the abatement of the suit. All personal actions except assault and battery, &c., survive. The conclusion of this plea in abatement is a prayer of general judgment; consequently, if the action don't abate the judgment on that plea must be general, *quod recuperet* and not of *respondeat ouster.* If a plea in abatement conclude in bar, it is a plea in bar, and the judgment shall be general. 1 *Ch. P.* 446; 1 *Sell. Pr.* 274.

Mr. *Layton,* contra. This is not a general plea in abatement, but of matter arising since the last continuance. If the cause of action survive, the judgment can only be one of respondeat ouster. For injuries to real property the action don't survive. 1 *Ch. Pl.* 83.

*By the Court.*—The rule is that if a plea in abatement conclude in bar, the other side may treat it as a plea in bar; and, if he do so, the judgment will be final, *quod recuperet. Gould's Pl.* 299. In this case the demurrer concludes with a prayer of judgment respondeat ouster, thus treating it as a plea in abatement only: the judgment therefore, in this case, will be that the defendant answer over. There is no doubt about the surviving of the action under our act of assembly.

Judgment, *quod respondeat ouster.*

*Frame* for plff. *Layton* for deft.